IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONALD RUNNELS, | § | |
| Petitioner, | § § § | |
| VS. | § | CIVIL ACTION NO. H-14-142 |
| LORIE DAVIS, | § § § | |
| Respondent. | § § | |

**MEMORANDUM AND ORDER**

Donald Runnels is a Louisiana state inmate. On January 21, 2014, Mr. Runnels filed a petition for a writ of habeas corpus, challenging his detention in the Montgomery County, Texas, jail in connection with an arrest warrant from Louisiana. On March 12, 2014, this court dismissed the petition because Mr. Runnels failed to pursue it. *See* Docket Entry No. 7. On June 27, 2017, Runnels filed a motion for relief from that judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure.

Runnels also challenged his conviction and sentence in a 2014 petition for a writ of habeas corpus in the Western District of Louisiana. That court dismissed Mr. Runnels's petition because he filed it too late. *Runnels v. Warden*, 2015 WL 8079039 (W.D. La. Dec. 2, 2015). The Fifth Circuit denied a certificate of appealability, *Runnels v. Bordelon*, No. 15-31097 (5th Cir. Mar. 20, 2017). On June 27, 2017, Mr. Runnels filed this motion under Rule 60(b)(6).

Rule 60(b)(6) provides for relief from a judgment for "any . . . reason that justifies relief." Runnels's motion does not identify any defect in this court's 2014 dismissal. Instead, he claims that he wrote to this court on numerous occasions asking that his case be transferred to a federal court in Louisiana. He now wants to reopen this 2014 case because he believes that the time-barred 2014

petition that he filed in Louisiana would then relate back to the 2014 petition he filed in this court.

Under Rule 15(c) of the Federal Rules of Civil Procedure, an amended pleading relates back to an earlier pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Runnels's petition in this court challenged the legality of his confinement by Texas authorities under a Louisiana arrest warrant. *See* Docket Entry No. 1. Runnels is no longer in custody in Texas. In the Louisiana federal court, Runnels sought to revoke the state court judgment, to vacate his conviction and sentence, or to have a new trial ordered. *See Runnels v. Warden*, No. 2:14-cv-503 (W.D. La. June 22, 2015), Docket Entry No. 102, at 3. The two petitions are only tangentially related.

Even if the two petitions are read to assert claims arising out of the same conviction, the Supreme Court and the Fifth Circuit have both rejected, for purposes of habeas corpus, the broad application of the relation back doctrine that Runnels urges. "[A]mendments do not relate back if they assert 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009)(quoting *Mayle v. Felix*, 545 U.S. 644, 650 (2005)). Because Runnels's Louisiana petition raised new claims relating to his Louisiana state trial, and not to his detention by Texas authorities, those claims do not relate back to the Texas petition, even if this case is reopened.

Runnels fails to show that justice requires relief from the judgment of this court. His motion is denied. He has not met the requirements for a certificate of appealability, and no certificate is issued.

SIGNED on June 30, 2017, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge